IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY GERALD BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CARDAN SPENCER, | § | |
| CHRISTOPHER WATSON, and | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Bobby Gerald Bennett files this his Original Complaint and in support respectfully shows the Court as follows:

I. PARTIES

1. Plaintiff Bobby Bennett (hereinafter "Bennett" or "Plaintiff") is an individual residing in Dallas, Texas.

2. Defendant Cardan Spencer (hereinafter "Spencer") was at all times relevant to this Complaint a police officer for the Dallas Police Department ("DPD"), employed by the City of Dallas. Spencer was, at all times, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Dallas, Texas. Defendant Spencer may be served with service of process at his place of residence located at 2000 Michelle Creek Drive, Little Elm, Texas 75068. Defendant Spencer is sued in his individual capacity.

3. Defendant Christopher Watson (hereinafter "Watson") was at all times relevant to this Complaint a police officer for the Dallas Police Department ("DPD"), employed by the City of Dallas. Watson was, at all times, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Dallas, Texas. Defendant Watson may be served with service of process at his place of business located at 1400 South Lamar Street, Dallas, Texas 75215. Defendant Watson is sued in his individual capacity.

4. Defendant City of Dallas, Texas ("the City") is a municipal corporation and political subdivision of the State of Texas. The City may be served with process by serving its City Secretary, Rosa Rios, Dallas City Hall, 1500 Marilla, Room 5D South, Dallas, Texas, 75201.

## II. JURISDICTION

5. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States. Additionally, the Court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. § 1367(a).

## III. VENUE

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. INTRODUCTION

7. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 for the violations of civil rights and privileges guaranteed Plaintiff by the United States Constitution and under the common law of the State of Texas.

## V. FACTS

8. During an encounter on October 14, 2013, Defendant Spencer used force upon Plaintiff that was completely unwarranted and unnecessary, firing his weapon four times at Plaintiff, with at least one bullet striking him in the stomach. There was absolutely no justification for any use of force against Mr. Bennett, much less potentially deadly force. In an effort to cover up his use of excessive force, Defendants Spencer and Watson then caused Plaintiff to be charged with aggravated assault on a peace officer, accusing him of aggressively approaching them with a knife.

9. A surveillance video of the incident, captured by a neighbor's video camera, showed an entirely different scene from what was described in the probable cause affidavit, written and sworn to by Defendant Watson.

10. In fact, the video clearly shows that Plaintiff Bennett, who suffers from mental illness, was sitting in a chair in the center of the cul-de-sac outside his mother's house when DPD officers Spencer and Watson arrived. The officers immediately exited their squad car and approached Plaintiff with guns drawn. In a non-threatening manner, Plaintiff stood from the chair in which he had been sitting. His hands were at his side and motionless. Spencer and Watson continued to approach until suddenly, and without warning, Spencer shot Plaintiff.

11.     The neighbor, Maurice Bunch (hereinafter "Bunch"), showed the video to police that same day.  Police supervisors were aware of the video, <u>and had actually watched the video,</u> prior to Bennett being charged with Aggravated Assault on a Peace Officer.  The video presents indisputable evidence that Plaintiff was posing no threat whatsoever to Defendants Spencer and Watson at, and prior to, Plaintiff being shot.

12.     After learning that charges had been filed against Plaintiff despite DPD supervisors' awareness of the video, Bunch contacted local news media, and made the video available. Soon thereafter, both local and national attention focused on the actions of Defendants Spencer, Watson, and the Dallas Police Department.  More than three days after police were aware of indisputable evidence that contradicted Watson's sworn affidavit, the charge of Aggravated Assault on a Peace Officer remained pending against Plaintiff.  During that time, concerned family members and friends were unable to visit Plaintiff, who lay in Intensive Care at Baylor Hospital in Dallas suffering from a near fatal gunshot wound to his abdomen.  Finally, as public pressure mounted, Dallas Police Chief David Brown announced that the criminal charge against Plaintiff was dismissed.  DPD also initiated an Internal Affairs investigation, as well as a criminal investigation, into the incident.  As a result of those investigations, Defendant Spencer was terminated based on findings that he used unjustified and unwarranted force.  Defendant Watson received a fifteen (15) day suspension based on findings that he was untruthful in the probable cause affidavit.

13.     Prior to this incident, Defendant Spencer had been involved in a previous shooting for which his conduct was scrutinized and investigated.  The investigation found

that his conduct had potentially put fellow officers' lives in danger when he fired his gun during a standoff. Although his judgment in firing his weapon was highly questionable, Defendant Spencer was neither disciplined nor given additional training as a result of the incident. In fact, Defendant Spencer's conduct in this previous shooting has been used in training for the purpose of demonstrating how not to do things.

### VI. CAUSES OF ACTION UNDER 42 U.S.C. § 1983

#### A. Excessive Force

14. Paragraphs 1-13 set forth above are incorporated herein by reference.

15. The use of excessive force by Defendant Spencer was an unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution. His use of excessive force was not objectively reasonable under the totality of the circumstances, and the force he used against Plaintiff was applied intentionally and/or recklessly to cause harm to him. The force used was completely unwarranted and unjustified for all the reasons set forth above.

16. As a direct result of Defendant Spencer's conduct, Plaintiff has suffered physical and mental/emotional injuries and was deprived of his constitutional rights, all to his damage. The excessive force violated his rights guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

#### B. False Arrest

17. Paragraphs 1 - 16 set forth above are incorporated herein by reference.

18. Despite the total lack of probable cause to establish the existence of any crime, Defendants Spencer and Watson caused Plaintiff to be charged and detained for the offense

of Aggravated Assault on a Peace Officer, a felony offense. The arrest of Plaintiff was malicious, intentional, and made with the express purpose of covering up the aforementioned illegal conduct by Defendant Spencer. The false arrest was an unreasonable seizure of Plaintiff, and violated his rights, as guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. The arrest was in the absence of probable cause.

19. At the time Defendant Watson applied for the arrest warrant he knowingly and intentionally, or with reckless disregard for the truth, misrepresented the facts (as described above) in an effort to cause the Magistrate Judge to sign the arrest warrant for Plaintiff, even though probable cause did not otherwise exist.

20. Additionally, Defendant Watson knowingly and intentionally, or with reckless disregard for the truth, omitted from his affidavit material facts within his knowledge which would have negated probable cause.

21. At all times relevant to this Complaint, Defendants Spencer and Watson were police officers for the City of Dallas, and were acting under the direction and control of the City of Dallas.

22. As a direct result of the illegal conduct of Defendants Spencer and Watson, Plaintiff has suffered injury and damage as further described below.

### C. Cause of Action against the City

23. Paragraphs 1 – 22 set forth above are incorporated herein by reference.

24. At the time of the events described above, the individual Defendants were acting under color of the laws and regulations of the State of Texas and the DPD and in the course and scope of their employment for the City.

25. During all relevant times, the Dallas City Council was the City's final policymaker regarding the conduct of its police officers and had actual or constructive knowledge of the inadequate supervision and training that, in reasonable probability, caused the incident that forms the basis of this lawsuit. Additionally, the constitutional violations in this case were the direct result of inadequate supervision and inadequate training of Defendant Spencer. Defendant Spencer was known to have acted recklessly with his firearm, and in a manner that endangered life, yet supervisors within the Dallas Police Department entirely failed to provide additional training or supervision that, in reasonable probability, would have prevented Plaintiff from being shot.

26. The above-described failure to train and supervise Defendant Spencer was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiff.

27. As a direct result of these acts, Plaintiff has suffered physical injuries, mental/emotional injuries, and economic damages. He was deprived of his constitutional rights, all to his damage.

### VIII. DAMAGES

28. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. Defendants' conduct has caused physical pain and injury to Plaintiff. He sustained a serious gunshot wound to the stomach for which weeks of hospitalization and rehabilitation has been necessary. His injuries are permanent and will

require medical attention throughout his life. He has also suffered emotional and mental anguish, and pain and suffering as a direct result of the violations of his constitutional rights. All of these damages he suffered in the past and will continue to suffer in the future.

29. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for his damages, which include physical pain and injuries, both past and future, mental anguish, pain and suffering, both past and future, disfigurement, and medical expenses.

30. Plaintiff also seeks exemplary damages against Defendants Spencer and Watson.

31. Plaintiff has retained the services of the undersigned attorney, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## IX. JURY DEMAND

32. Plaintiff respectfully requests trial by jury.

## X. PRAYER

For these reasons, Plaintiff seeks a judgment against Defendants for:

   a. compensatory and actual damages in an amount deemed sufficient by the trier of fact;

   b. exemplary damages;

   c. attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

   d. costs of court; and

   e. interest allowed by law for prejudgment or post-judgment interest.

Respectfully submitted,

By:   /s/ Don Tittle
     Don Tittle
     State Bar No. 20080200
     dontittle@earthlink.net

LAW OFFICES OF DON TITTLE, PLLC
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
(214) 522-8400
(214) 389-1002 – Fax

*ATTORNEY FOR PLAINTIFF*
*BOBBY GERALD BENNETT*